1  Henry L. Sanchez (SBN 176878)
   JACKSON LEWIS P.C.
2  725 South Figueroa Street, Suite 2500
   Los Angeles, California  90017-5408
3  Telephone:     (213) 689-0404
   Facsimile:     (213) 689-0430
4  Henry.Sanchez@jacksonlewis.com

5
   Lauren Presser (SBN 292497)
6  JACKSON LEWIS P.C.
   225 Broadway, Suite 1800
7  San Diego, California  92101
   Telephone:     (619) 573-4900
8  Facsimile:     (619) 573-4901
9  lauren.presser@jacksonlewis.com

10 Attorneys for Defendant
   UNITEDHEALTH GROUP
11

12                SUPERIOR COURT OF THE STATE OF CALIFORNIA

13                  COUNTY OF SAN DIEGO, NORTH COUNTY DISTRICT

14 | TERESA KERSTING, an individual, | Case No.:   37-2022-00050521-CU-WT-NC |
15 | Plaintiff, | [Assigned for all purposes to Hon. Blaine K. Bowman, Dept. N-31] |
16 | vs. | |
17 | UNITEDHEALTH GROUP, a Delaware corporation; and DOES 1 through 20, inclusive, | **DEFENDANT UNITEDHEALTH GROUP'S ANSWER TO PLAINTIFF TERESA KERSTING'S COMPLAINT** |
18 | | |
19 | Defendants. | *IMAGED FILE* |
20 | | |
21 | | Complaint filed:   December 15, 2022 |
22 | | Trial Date:        Not Assigned |

23         **TO THE HONORABLE COURT, PLAINTIFF TERESA KERSTING, AND TO HER**

24 **ATTORNEY OF RECORD:**

25         COMES NOW Defendant UNITEDHEALTH GROUP ("Defendant"), on behalf of itself and no

26 other defendant, and hereby responds to the Complaint ("Complaint") filed by Plaintiff TERESA

27 KERSTING ("Plaintiff") and pleads as follows:

28 ///

                                            1
         DEFENDANT UNITEDHEALTH GROUP'S ANSWER TO PLAINTIFF
                     TERESA KERSTING'S COMPLAINT

## GENERAL DENIAL

Pursuant to the California Code of Civil Procedure section 431.30(d), Defendant denies generally and specifically each and every allegation contained in the Complaint and denies that Plaintiff has suffered any injury or been damaged in any sum whatsoever.

## AFFIRMATIVE DEFENSES

As separate and distinct Affirmative Defenses to Plaintiff's Complaint and the causes of action alleged therein, and to each of them, Defendant alleges as follows:

## FIRST AFFIRMATIVE DEFENSE

1. The Complaint as a whole, and each purported cause of action alleged therein, fails to state facts sufficient to constitute a cause of action against Defendant upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

2. To the extent discovery may disclose a factual basis for this defense, Plaintiff's allegations of harassment, discrimination and retaliation are barred or any recovery of damages is precluded because Plaintiff unreasonably failed to take advantage of available preventive or corrective opportunities or to avoid harm otherwise. (*State Dept. of Health Servs. v. Superior Court of Sacramento County* (2000) 31 Cal.4th 1026.)

## THIRD AFFIRMATIVE DEFENSE

3. Any recovery on Plaintiff's Complaint is barred because all decisions and acts by Defendant that pertained to Plaintiff's employment were justified under California law and occurred in good faith based upon good cause and legitimate non-discriminatory, non-retaliatory reasons not related to a protected category or activity.

## FOURTH AFFIRMATIVE DEFENSE

4. Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred by Plaintiff's failure to satisfactorily perform her job responsibilities and otherwise conduct herself in accordance with the standards and policies of Defendant.

## FIFTH AFFIRMATIVE DEFENSE

5. To the extent that Plaintiff's Complaint, or any purported cause of action alleged therein, alleges any failure to accommodate Plaintiff's religious beliefs, any recovery is barred in that Plaintiff

could not be reasonably accommodated due to undue hardship, job-related reasons and business necessities.

### SIXTH AFFIRMATIVE DEFENSE

6. Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred in whole or in part because any failure to engage in and/or the breakdown of the interactive process after it commenced was due to Plaintiff.

### SEVENTH AFFIRMATIVE DEFENSE

7. Any recovery on Plaintiff's cause of action for retaliation is barred because Plaintiff did not engage in any protected activity and there is no nexus between any purportedly protected activity and Defendant's subsequent employment decisions toward Plaintiff.

### EIGHTH AFFIRMATIVE DEFENSE

8. To the extent that Plaintiff alleges a hostile work environment, any recovery is barred because Plaintiff did not experience unwelcomed severe or pervasive conduct such that Plaintiff considered the work environment hostile or abusive nor was any such conduct a substantial factor in causing harm to the Plaintiff.

### NINTH AFFIRMATIVE DEFENSE

9. Any recovery on Plaintiff's cause of action for violation of public policy is barred because the acts complained by Plaintiff do not trigger any fundamental public policy that was based on some statute or constitutional protection, well established at the time of Plaintiff's employment, and inuring to the benefit of the public as a whole rather than Plaintiff.

### TENTH AFFIRMATIVE DEFENSE

10. Any recovery on Plaintiff's Complaint, and each purported claim for relief alleged therein, is barred, in whole or in part, because injuries that Plaintiff alleges in her Complaint, and in each and every purported claim for relief alleged therein, if they exist at all, resulted from a cause not proximately caused by or related to any act or omission by Defendant.

### ELEVENTH AFFIRMATIVE DEFENSE

11. Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred in whole or in part by Plaintiff's own contributory or comparative fault.

**TWELFTH AFFIRMATIVE DEFENSE**

12. To the extent Plaintiff's Complaint, or any purported cause of action therein, alleges emotional or physical injury, the Court lacks jurisdiction, and any recovery is barred by the exclusive remedy under the California Workers' Compensation Act, Labor Code section 3200 *et seq.*

**THIRTEENTH AFFIRMATIVE DEFENSE**

13. To the extent discovery may disclose a factual basis for this defense, Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations including, but not limited to, California Code of Civil Procedure sections 335.1 and California Government Code section 12965.

**FOURTEENTH AFFIRMATIVE DEFENSE**

14. To the extent discovery may disclose a factual basis for this defense, Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to exhaust administrative remedies under California Government Code sections 12960 and 12965.

**FIFTEENTH AFFIRMATIVE DEFENSE**

15. To the extent discovery may disclose a factual basis for this defense, Plaintiff's claims are barred, in whole or in part, by the doctrines of laches, estoppel, waiver, and unclean hands.

**SIXTEENTH AFFIRMATIVE DEFENSE**

16. To the extent discovery may disclose a factual basis for this defense, Plaintiff is barred from recovering any damages, or any recovery must be reduced, by virtue of Plaintiff's failure to exercise reasonable diligence to mitigate her alleged damages.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

17. Defendant has engaged attorneys to represent them in defense of Plaintiff's frivolous, unfounded, and unreasonable action, and Defendant is therefore entitled to an award of reasonable attorney's fees and costs pursuant to Government Code section 12965 upon judgment in its favor.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

18. Plaintiff is precluded from recovering exemplary or punitive damages from Defendant under the applicable provisions of law. Specifically, California Civil Code section 3294 precludes Plaintiff from recovering exemplary or punitive damages because Plaintiff has failed to plead and cannot establish facts sufficient to support allegations of malice, oppression, fraud, or despicable conduct.

**NINETEENTH AFFIRMATIVE DEFENSE**

19. Plaintiff's claims are barred, in whole or in part, because Plaintiff is not entitled to recover punitive or exemplary damages from Defendant on the grounds that none of Defendant's officers, directors, or managing agents committed the alleged acts, nor authorized them, nor ratified them, nor did Defendant or its officers, directors, or managing agents have advance knowledge of the unfitness, if any, of the employees who allegedly committed said acts, nor did Defendant employ said employees with a conscious disregard of the rights or safety of others.

**TWENTTIETH AFFIRMATIVE DEFENSE**

20. Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred in whole or in part because Defendant is entitled to an offset for any monies Plaintiff received from any source after Plaintiff ceased to be employed by Defendant under the doctrine prohibiting double recovery set forth by *Witt v. Jackson* (1961) 57 Cal.2d 57 and its progeny.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

21. To the extent discovery may disclose information which could serve as a basis for the termination of Plaintiff's employment, Plaintiff is barred from recovery by the after-acquired evidence doctrine.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

22. Recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred because, assuming *arguendo* that discriminatory reasons had been a substantial motivating factor in any employment decisions toward Plaintiff, legitimate, non-discriminatory business reasons were also substantial motivating factors for taking any such adverse employment action against Plaintiff, and Defendant would have made the same employment decisions toward Plaintiff without any regard for any prohibited or unlawful factor. (*Harris v. City of Santa Monica* (2013) 56 Cal.4th 203).

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

23. Any recovery on Plaintiff's Complaint are barred as Plaintiff entered into a binding arbitration agreement; thus, this Court lacks jurisdiction.

///

///

**WHEREFORE**, Defendant prays for judgment as follows:

1. That Plaintiff takes nothing by her Complaint;
2. That the Complaint be dismissed in its entirety with prejudice;
3. That Plaintiff be denied each and every demand and prayer for relief contained in the Complaint;
4. For cost of suits incurred herein including reasonable attorneys' fees; and
5. For such other and further relief as the Court deems just and equitable.

Respectfully submitted,

DATED: January 26, 2023            JACKSON LEWIS P.C.

By: _____
Henry L. Sanchez
Lauren Presser

Attorneys for Defendant
UNITEDHEALTH GROUP

4855-0311-8923, v. 5

6

DEFENDANT UNITEDHEALTH GROUP'S ANSWER TO PLAINTIFF
TERESA KERSTING'S COMPLAINT

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF SAN DIEGO – NORTH COUNTY DISTRICT | COURT USE ONLY |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address):    Telephone No.<br>Henry L. Sanchez (SBN 176878)           Tel: 619.573.4900<br>Lauren Presser (SBN 292497)             Fax: 619.573.4901<br>JACKSON LEWIS P.C.<br>225 Broadway, Suite 1800<br>San Diego, California 92101<br>henry.sanchez@jacksonlewis.com; lauren.presser@jacksonlewis.com | |
| SHORT CASE TITLE<br>Kersting v. UnitedHealth Group | JUDGE:  Blaine K. Bowman<br>DEPT.:  N-31 |
| ATTORNEYS FOR DEFENDANT<br>UnitedHealth Group | Case No.:<br>37-2022-00050521-CU-WT-NC |

# PROOF OF SERVICE

I, the undersigned, am over 18 years of age, employed in the County of San Diego, California, in which the within-mentioned service occurred; and that I am not a party to the subject cause of action. My business address is 225 Broadway, Suite 1800, San Diego, California 92101. On January 26, 2023, I served the following documents:

**DEFENDANT UNITEDHEALTH GROUP'S ANSWER TO PLAINTIFF TERESA KERSTING'S COMPLAINT**

***Counsel for Plaintiff***
David E. Hallett
Rae-Anna Sollestre
BUSCEMI HALLETT LLP
555 West Beech Street, Suite 450
San Diego, CA 92101
Tel:    (619) 231-5900
Fax:   (619) 231-5905
Email: dhallett@buhalaw.com
          rsollestre@buhalaw.com

☒ **BY ELECTRONIC SERVICE.** Pursuant to San Diego County Superior Court General Order No. 010121-22(A), and Cal. Rules of Court, rule 2.251(c), I served the document(s) listed above via electronic mail (e-mail) to the electronic notification address(es) set forth above on this date. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☐ **BY U.S. MAIL.** I placed or caused to be placed, the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in United States mail in the State of California at San Diego, addressed as set forth above.

☐ **BY PERSONAL SERVICE.** I caused said documents to be hand-delivered to the addressee on January 26, 2023, via First Legal Services, pursuant to Code of Civil Procedure §1011.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on January 26, 2023          _____
                                                              Erin Duffey
                                                              Erin.Duffey@jacksonlewis.com